## Maxwell *vs.* Palmerton.

In an action of *trespass* for killing a *dog,* where the defence was that the dog was *ferocious* and in the habit of attacking individuals, *it was held,* that it was not necessary to prove a *scienter* as to the plaintiff, to support the defence.

Error from the Saratoga common pleas. Maxwell sued Palmerton in a justice's court in an action of *trespass* for killing his *dog.* The defendant proved by several witnesses that the dog was ferocious, had repeatedly made attacks upon sundry persons, and was looked upon as dangerous. Several of the witnesses who gave instances of the bad conduct of the dog, also expressed their *opinions* that they considered him a dangerous dog ; which expressions of opinion were objected to by the plaintiff as not proper evidence, but the objection was overruled. It was insisted also by the plaintiff that no proof having been given that he had *knowledge* of the bad disposition of the dog, the defendant had failed to establish a defence. The cause was tried by a jury, who found a verdict for the *defendant,* on which judgment was rendered. The common pleas of Saratoga *affirmed* the judgment, and the plaintiff sued out a writ of error.

Maxwell v. Palmerton.

*S. J. Cowen & N. Hill, jun.* for the plaintiff.

*J. B. Bloore & G. W. Kirtland,* for the defendant.

*By the Court,* NELSON, C. J.    I doubt if it be necessary in this and the like cases to prove a *scienter* upon the owner. If the dog be in fact ferocious, at large, and a terror to the neighborhood, the public should be justified in dispatching him at once.    It seems to be settled that such proof is not necessary where a dog is in the habit of chasing conies in a warren, or deer in a park, and that he may be killed for the protection of those animals.    How much more proper is it, that this should be the rule, and most singular would it be were it otherwise, when the persons and lives of rational beings are in danger.    Cro. Jac. 45.    1 Saund. 84.    1 Campb. 41, n.    13 Johns. R. 312.    17 Wendell, 496.    Were it necessary, I think the jury were warranted from the proof in this case in finding a *scienter ;* at all events, though we might differ with them upon that question, such difference of opinion would afford no ground for reversing the judgment.

Perhaps the *opinions* of the witnesses that the dog was a dangerous animal, ought not in strictness to have been received ; but the witnesses gave the grounds of their opinions, and they could not have materially varied the case.    The facts were stated which had come under their observation, from which they considered him dangerous.    It would be distrusting the intelligence of the jury too much to believe that the opinions of the witnesses could have added any thing to the effect of the facts in the particular case.

Judgment affirmed.