ROBERT C. WHITE, Respondent, *v.* ANDREW McLEAN, Appellant.

The extent to which the cross-examination of a witness may be carried is within the discretion of the court to control, subject to correction on appeal in case of plain abuse of that discretion.

(Argued January 16, 1874; decided May term, 1874.)

THIS was an action to recover possession of personal property, the title to which was in dispute between the parties. Upon the trial plaintiff was sworn as a witness in his own behalf. He was subjected to a protracted cross-examination, and wide latitude given to defendant's counsel. After a re-direct-examination there was an extended re-cross-examination.

The witness testified that he gave the money to make payments for certain articles claimed, among others a pair of curtains; on the re-cross-examination, after the defendant's counsel had been allowed to ask ten questions on the subject of the curtains, the judge stated to him, ": you have exhausted the witness; you will never stop it, unless I stop it," and upon the counsel persisting in asking other questions in reference to the curtains, the judge directed the witness to leave the stand. The counsel objected that he had not finished the cross-examination; the judge stated that he considered the cross-examination exhausted and would close it, to which the counsel excepted. *Held*, that the court had discretionary power to control the cross-examination with which this court will not interfere, unless there is a plain abuse of the discretion. (1 Greenl. on Ev. [Redfield's ed.], § 456; Tyler on Ev., § 1291; *Commonwealth* v. *Sackett*, 22 Pick., 394; *Turnpike* v. *Loomis*, 32 N. Y., 127; *Greton* v. *Smith*, 33 id., 250; *Rea* v. *Merrian*, 17 Wall., 532; *Middleton* v. *Barned*, 4 Exch., 243.) In this case the discretion was not abused, as the fair interpretation of the act of the judge was, that he intended to close the examination on the particular point, as to which the witness was being asked.

The deposition of one Sheridan was read on behalf of defendant. Plaintiff called six witnesses who swore Sheridan's character was bad, and they would not believe him under oath. No witnesses were called to sustain him. In his charge to the jury, the judge stated, in substance, that if they found that Sheridan was impeached, they could give no consideration to his testimony, " it is to go out of the case as that of a man not to be believed on his oath, because every man who comes into a court of justice has the right to have his issues and his rights determined by credible evidence." In a subsequent part of the charge he added, " if in any part of Mr. Sheridan's testimony you find him confirmed and supported by other evidence in the case, then you shall consider his evidence in its connection." Defendant's counsel excepted generally to that portion of the charge relating to the impeachment. *Held*, that the meaning of the charge was, that if the jury found, from the testimony, that Sheridan

was not worthy of belief, his testimony should be disregarded when not confirmed; that he did not intend to exclude the testimony from consideration, but that it was to be considered in connection with the other testimony; that it was one of those cases of unguarded expressions where the attention of the court should have been called specially to the phraseology used, by a special exception, and that as some portions of the charge upon the subject were plainly correct the general exception was insufficient, and the objection could not be entertained.

*L. S. Chatfield* for the appellant.

*D. McMahon* for the respondent.

DWIGHT, C., reads for affirmance.
All concur.
Judgment affirmed.