Daniel G. Rider, Respondent, *v.* Andrew J. White et al., Appellants.

A person who keeps a dog upon his premises, known to him to be so vicious and ferocious as to endanger the safety of strangers, is liable for injuries inflicted by the dog upon one who is innocently upon the premises, without notice of the character of the dog; the fact that the injury is the first actually inflicted by the dog, does not excuse such person from liability.

(Argued September 30, 1874; decided January term, 1875.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of plaintiff entered upon a verdict.

This action was brought to recover damages for injuries alleged to have been inflicted upon plaintiff by the dogs of defendants.

Defendants were the owners of a factory on Barren Island; their premises were uninclosed. They owned and kept thereon seven large dogs which the evidence tended to show were vicious and ferocious, rushing out at and pursuing people coming on or near the premises, and that defendants had knowledge of their propensities. Plaintiff was walking along the beach of the island, early in the morning, near defendants' factory, when the dogs rushed out at and attacked him, biting and injuring him. No evidence was given that the dogs had ever actually attacked and injured a person before. Further facts appear in the opinion.

*Geo. W. Stevens* for the appellants. *Scienter* of the disposition of the dog and not negligence in keeping was the gist of the action. (*Card* v. *Case*, 56 B., 632; *May* v. *Burnett*, 92 B., 101; *Fleming* v. *Orr*, 29 E. L. and Eq., 16; *Fairchild* v. *Bently*, 30 Barb., 147; *Kelly* v. *Tilton*, 3 Keyes, 263; Arch. on Pldgs., 190; *Van Lewen* v. *Lyke*, 1 Comst., 515; *Koney* v. *Ward*, 36 How. Pr., 255.) Plaintiff was a trespasser and entered defendants' premises at his peril. (*Sarch* v. *Blackburn*, 4 C. & P., 297; *Hogan* v. *Sharpe*, 7 id., 755; *Loomis* v. *Terry*, 17 Wend., 496.)

*Mr. Miller* for the respondent. Watch dogs must be kept where they cannot attack innocent parties. (*Loomis* v. *Terry*, 17 Wend., 496.)

GRAY, C. The defendants rest their appeal upon three grounds: First. That the injury inflicted upon the plaintiff by their dogs was at a time when he was committing a trespass upon their premises. Second. That there was no evidence that the dogs were vicious, or, assuming them to be so, there was no evidence that the defendants had notice of their vice in the respect complained of. Third. That there was no evidence that, before the injury committed by them upon the plaintiff, their dogs had ever bitten any one.

The defendants' premises consisted of an undefined parcel of an open space, situated upon an island, through or along which was a public highway, in no way defined by any visible monuments, upon the premises or otherwise, than by a map which one witness had seen in the possession of a Mr. Bradley, in the city of New York. The existence of this map, or of the precise locality of the highway over or along the premises occupied by the defendants, was, so far as the evidence shows, unknown to the plaintiff. The injury complained of by the plaintiff was committed in the day-time, while he was passing along the beach of the island, between the defendants' factory, where the dogs were kept, and the water—a place where others were accustomed to pass. The evidence is slight, if there be any, tending to prove that the place where the plaintiff was attacked was a part of the defendants' premises, and 'not any to prove that he was intentionally a trespasser in being there. In any aspect of the case, therefore, the defendants had not the right, either by their dogs or otherwise, to inflict an injury upon him without first giving him notice and time to leave the premises.

There was evidence tending to prove that the dogs were vicious. One of them was kept chained a portion of the time; one of the defendants warned a party to beware of them, saying one of them was very ugly. It was shown that

they ran out furiously at passers-by, indicating a disposition to inflict an injury upon them, and were occasionally called in by persons in the defendants' employ. This, considered with other evidence in the case, tended to show that their vice was known to the defendants, who had caused a sign to be erected on their premises, not in sight of the place where the plaintiff was passing, inscribed, "Beware of dogs"; and the other defendant, when apprised of the injury inflicted by them upon the plaintiff, after expressing his regret, said, "They were large dogs, and he must have had a serious time." Whether the dogs were vicious to an extent that endangered life or limb, and were prone to attack persons, and that the defendants had knowledge of that propensity, were questions fairly raised by the evidence, and were properly submitted to the jury. But it is in substance insisted that, even though the plaintiff was not intentionally a wrong-doer by being upon the defendants' premises, and that they were aware that their dogs had such vicious propensity, they, nevertheless, are not liable for the injury inflicted, for the reason that it was not shown that either of the dogs had ever before that time bitten any one; in other words, that, however much the life or limb of innocent persons might, to the knowledge of these defendants, have been exposed to danger by the vicious propensity of their dogs, they are not liable for this, being the first injury inflicted, notwithstanding they had just reason to believe that such injury would, under like circumstances, occur. The law has gone far to shield those who have kept dogs for the protection of their property, from the consequences of injuries to persons inflicted by them, but not so far as to protect the keepers of such as are known to them to be ferocious to a degree that endangers the safety of such as are unwarned and innocently upon their premises, from the consequences of wounds inflicted by them.

The judgment should be affirmed.

All concur.

Judgment affirmed.