## City Court.

*Trial Term—March,* 1884.

## JOHN FEICK, AN INFANT, BY HIS GUARDIAN, *against* JOHN ANDEL.

**Liability of owners of dogs for injuries done.**—The owner of a domesticated animal is not liable for its conduct, in the absence of proof that the animal was known to the owner to be vicious or to have a propensity to bite mankind.

The fact that the corporation ordinances in regard to permits and muzzles were not complied with does not make the owner liable.

The plaintiff, a boy eight years of age, by his guardian sued to recover $2,000 damages for bites received from the defendant's dog on the 17th of May, 1883. The boy, it seems, was playing on the sidewalk in Fifty-fourth Street, between Ninth and Tenth Avenues, at about eight o'clock in the evening. The dog ran between the boy's legs, knocked him down and then bit him. The boy was immediately attended to by a physician ; after which inquiry was made which resulted in the discovery that the defendant owned the dog which did the damage. These facts were proved, but there was no evidence showing that the defendant knew that the dog was vicious, or was in the habit of biting. Upon this ground the complaint was dismissed. The plaintiff moved for a new trial.

*Charles Steckler,* for the motion.

*M. C. Gross,* opposed.

McADAM, Ch. J.—The pleader in drawing the complaint, properly alleged that the defendant wrongfully kept a certain dog of a ferocious nature accustomed to bite mankind, and that said defendant well knew said

dog to be of a ferocious and mischievous disposition. This allegation was denied by the defendant, and the complaint was dismissed at the trial, because the plaintiff failed to prove the issue thus made.    The plaintiff moved for a new trial, and the motion being upon the question, whether this ruling has the sanction of the authorities or is, as the plaintiff charges, erroneous ?

Judge Cooley, in his work on Torts (p. 343), says :  "If it be made to appear that any domestic animal is vicious and accustomed to do hurt, *and that the owner has been notified of the fact*, a duty is then imposed upon him to keep the animal secure, and he is responsible for the mischief done by the animal in consequence of the failure to observe this duty."    He cites Smith *v.* Pelsh (*Stra.* 1264), in which the chief justice ruled " that if a dog has once bit a man, *and the owner having notice thereof*, keeps the dog, and lets him go about, or lie at his door, an action will lie against him at the suit of a person who is bit, though it happened by such persons' treading on the dogs' toes ; for it was owing to his not hanging the dog on the first notice, and the safety of the king's subjects ought not afterward to be endangered.    The *scienter* is the gist of the action."

The same rule is laid down in Cowen's Treatise, § 494 (Kingsley's Ed.)    Judge COWEN there says :  " The owner's knowledge of the animal having previously committed a similar injury must be shown"    (See also Vrooman *v.* Lawyer, 13 *Johns.* 339 ; Van Lennen *v.* Lyke, 1 *N. Y.* 515 ; Fairchild *v.* Bentley, 30 *Barb.* 147 ; Steele *v.* Smith, 3 *E. D. Smith.* 321).    There was no proof offered upon the trial showing that the defendant knew that the dog was accustomed to bite mankind, so that under the cases cited, no cause of action was made out.

" There was no proof showing that the dog was

*known to the defendant to be vicious* so as to bring the case within the rule laid down in Mullen *v.* McKesson, 73 *N. Y.* 195; Rider *v.* White, 65 *N. Y.* 54. Not being brought within either rule the complaint was properly dismissed. Negligence in the ordinary sense of the term is not an element of the cause of action (Lynch *v.* McNally, 73 *N. Y.* 347), and a failure to comply with the corporation ordinances cannot give the plaintiff a cause of action, if without reference to such ordinances no cause of action existed. The ordinance said to have been violated relates to muzzles and permits (§§ 154, 155). A violation of these sections may be evidence of negligence (Beisegel *v.* N. Y. Central R. R. Co., 14 *Abb. N. S.* 29; 7 *Abbts. Dig.* pp. 867, 868, sections 2365, 2366), but as before remarked negligence in the ordinary sense is not an element of the cause of action. The *scienter* is the gist of the action.

" A dog of good character will not bite. Whether he goes upon the street in conformity to or in violation of the ordinance in question he is alike harmless. But if a vicious dog, with biting tendencies, goes upon the street, he may, whether muzzled or not, knock people down and otherwise injure them. A compliance with the ordinance would not protect from liability the owner of such an animal, who, knowing his vicious habits, permitted him to go. at large upon the highway. He would be liable to the party injured, and the ordinance would afford no defense to the action. Under such circumstances, the ordinance is irrelevant to the question, which must be established to fix liability upon the owner of a dog for its imprudent conduct.

" Again, the defendant is not sought to be held because he suffered his dog to go at large in violation of the ordinance, but is charged in the complaint with *scienter*. The proof should be according to the allegations of the complaint, because it is a rule of evidence that the *allegata* and *probata* must agree. A

party is not allowed to state one case and make out a different one by proof. Upon the entire case the direction was right, and the motion for a new trial must be denied."

The rule is that the proprietor of animals of a tame or domestic nature, *domitæ naturæ*, is liable for injuries done by them only after notice of some vicious habit or propensity of such animal ; yet one who keeps animals *feræ naturæ* is responsible at all events for any injuries they may do (see Rex v. Huggins, 2 *Ld. Raym.* 1583 ; Van Lennen v. Lyke, 1 *N. Y.* 516). As to animals *feræ naturæ*, such as lions, tigers and the like, the person who keeps them is liable for any damage they do, without notice, on the ground that by nature such animals are "*fierce* and *dangerous.*" The owner of bees, however, is not liable, at all events, for any accidental injury they may do. Earl v. Van Alstine, 8 *Barb.* 630.) A statute in New York requires the owners of wild animals to give notice of their approach to travelers (*Laws* 1862, ch. 112). Prior to the enactment of this statute, it was held, that where a person sued for an injury caused by his horse taking fright at an elephant passing along the highway, he could not recover without showing that such was the usual effect of the appearance of an elephant upon horses, and that the owner knew it or had notice thereof (38 *Barb.* 14). The owner of a Siberian bloodhound, large and ferocious, fastened up in the day time and loosed at night, was held liable on the ground that he knew the animal was vicious (Mullen v. Mc Kesson, 73 *N. Y.* 195), and a person who keeps a dog upon his premises, known to be so vicious and ferocious as to endanger the safety of strangers is liable (Rider v. White, 65 *N. Y.* 54).