Bradley, J.
The defendant was the owner of a Jersey bull which he had purchased in the spring of 1884, and in June following the bull entered upon the plaintiff’s premises, and there the attack was made upon the plaintiff which caused the injury in question. The farms of the parties joined. The place where the bull entered from the defendant’s on to the plaintiff’s premises was the portion of the line fence which the latter had undertaken to keep in repair ; and the referee found that it was in a defective condition and that the plaintiff could not rest his right of action, and to recover, upon the ground that the animal was trespassing on his premises.
The first inquiry, therefore, is whether the bull was ugly or vicious, and if so, whether the defendant was chargeable with knowledge or apprehension of his character in that respect.
The evidence tends to prove that the animal was ugly, and had made an attack upon its owner before the defendant purchased it, and that at the time of his purchase the defendant was informed that' he had been kept tied up for two years. The bull then had in his nose a ring,, to which was buckled one end of a stick, by which he was led at the time of his delivery to the defendant on his purchase. And the evidence of the former owner is that he then advised the defendant to never lead the bull out without the use of the stick fastened to the ring in his nose “for your own sake and everybody else’s.” And on his way home with the bull his attention was called to the danger of injury to persons which might be done by the animal; but it does not appear that this person had any knowledge of the habits or disposition of this one.
*375 The defendant kept the bull tied in his bam until warm weather and grass came, then he tied him to a stake on his premises with a chain and rope together nearly thirty feet in length. On the occasion in question the bull had pulled out the stake, and dragging it and the rope and chain, he jumped over the fence on the plaintiff’s premises, and the latter caught hold of the dragging chain for the purpose of hitching it to something and thus to coniine the animal. The bull then turned upon the plaintiff, threw him down and did the injury complained of.
The evidence was somewhat conflicting as to the information given to the defendant at the time of the purchase by and delivery to him of the bull, but the conclusion that the bull was ugly and ferocious, and that the defendant was chargeable with knowledge, was justified.
The requisite scienter does not necessarily depend upon knowledge of the owner of an animal liable to be vicious, that it has actually made an attack and inflicted an injury upon a person. It is sufficient that he is advised that it is ferocious and ugly, and that there is reasonable ground to apprehend that it will do such an injury if permitted. Rider v. White, 65 N. Y., 54; Muller v. McKesson, 73 id., 195; McCaskill v. Elliott, 5 Strob., 196; 53 Am. Dec., 706.
The precautionary advice to the defendant which the referee has found was given, notwithstanding the contradiction of the evidence in that respect, tended to inform him of the necessity or propriety of confining the bull for the protection of himself and others.
In view of the liability of such animals to be or become ferocious, and at times attack persons, and of the information and suggestions received by him, the defendant was fairly required to keep this bull in a suitable condition of restraint for the protection of persons against liability to injury from it. This he sought to do by first confining the animal in his barn, and, later, within reasonable bounds by means of a chain and rope attached to a stake driven in the ground. The duty to restrain him was imperative, and the want of actual negligence on his part did not relieve him from the consequences of failure to make the restraint effectual. Negligence in such case is conclusively the legal presumption. Muller v. McKesson, 73 N. Y., 195; Lynch v. McNally, id., 347.
It is, however, contended by the learned counsel for the defendant that the injury was brought upon the plaintiff by his own act in interrupting the progress of the bull, without which he would not have been injured. There may be cases where this defense would be available, and such would be the rule to be applied, when, with knowledge of the danger, a person should voluntarily and unneces *376 sarily provoke the attack upon him of a vicious animal. But every failure to use care is not negligence, nor does the rule of contributory negligence, in the sense which that term is ordinarily applied, govern in such cases. Muller v. McKesson, Lynch v. McNally, supra.
The bull was at large in the plaintiff’s orchard, and headed towards the defendant’s premises, at the time the Elaintiff picked up the chain and stopped its progress. If e had not done this it may be assumed that the attack and injury would not have been had. And yet, under the circumstances, the conclusion was not necessarily required that the act of the plaintiff in attempting to stop and restrain the animal was wh oily’ without excuse or reason on his part.
It may be that while he did not apprehend personal injury from the act of stopping it, he may have deemed it a proper matter of- precaution to reheve his children (of whom he had several) from danger of injury in the event that it should continue at large near his house.
He was about going away from home to work, and his wife had requested him to secure the bull. And he says his purpose in the act which he did, was to do so by tying it to the fence, where he could not harm his children. In that view this was not a wanton act of the plaintiff, without any apprehended occasion for the act which he sought to do, but in it was a motive which may be deemed to have been justified by the circumstances which may have led him to attempt that which resulted as it did in his injury.
And it does not, in view of the supported findings of the referee, come • within the rule of defense in such cases declared in Muller v. McKesson.
The case cited of Barlow v. McDonald (39 Hun, 407) does not necessarily have any application to this question. The animal in question there was voluntarily taken into the possession of the plaintiff for use, who had the control of it for the time being, and the defendant was not then chargeable with any duty in respect to its control, or with the result of negligence of the plaintiff in not taking proper care of it while it so remained under the control and management so taken of it by the plaintiff. This case would have been somewhat different if the plaintiff had hired the bull and taken possession of it, and by want of his care the injury had been suffered.
The motion for nonsuit was properly denied. The refusal to strike out the evidence of the vicious habits and conduct of the bull prior to the purchase of it by the defendant was not error. The character of the animal in that respect was one of the essential tacts in support of the action. And any specific demonstrations of its ferocious disposition not *377 brought to his knowledge would not tend to show scienter, and would not without the latter, charge him; yet, as it was one of the facts material to the cause of action, it was properly put into the case and properly permitted to remain there, although it could become effectual or entitled to consideration for any purpose only in the event of sufficient proof to support the other fact requisite to a recovery.
If these views are correct, none of the exceptions to the conclusions of the referee were well taken. And the judgment should be affirmed.
Haight and Childs, JJ., concur.