## PUTNAM v. WIGG.

### (Supreme Court, General Term, Fifth Department. April 16, 1891.)

ANIMALS—VICIOUS DOG.

    In an action for personal injuries it appeared that defendant's dog, while following defendant along a highway, sprang at and bit plaintiff's horse, causing it to rear and back. While the horse was backing plaintiff struck it with her whip, whereupon it gave a sudden jerk, throwing plaintiff from the buggy. Plaintiff introduced evidence that the dog had attacked other horses on the road, was vicious, and had bitten people, all of which defendant knew. This was contradicted by defendant. *Held,* that the questions of defendant's negligence and plaintiff's contributory negligence were properly submitted to the jury.

Appeal from circuit court, Livingston county.

Action by Mary O. Putnam against Margaret Wigg. From a judgment for plaintiff defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.
*E. A. Nash,* for appellant.   *Charles J. Bissell,* for respondent.

CORLETT, J.   In June, 1888, the plaintiff, a married woman, who lived in Mount Morris, was driving a horse attached to a top buggy, in that village. She was accompanied by a female companion.   The horse was about 18 years old, and kind.   On the same day the defendant was driving, accompanied by a large dog owned by her, a short distance behind the plaintiff.   As she approached the plaintiff's buggy, the dog ran ahead, sprang at the head of the plaintiff's horse, and caught him by the nose.   The dog let go, and then caught the horse a second time.   The horse reared and backed the buggy into the ditch.   At this juncture a little conversation occurred between the plaintiff and defendant, and at the same time the dog went snapping at the horse's heels.   While the horse was backing, the plaintiff struck him with the whip. The dog left about that time.   The person with the plaintiff jumped from the buggy, but the plaintiff remained in her seat, endeavoring to manage the horse.   After she struck the horse with the whip, it gave a sudden jerk, and the plaintiff was thrown upon the road-bed and injured.   This action was brought in January, 1889, to recover damages for that injury.   Issue was joined; the cause was tried at the Livingston circuit in February, 1890, before a justice and jury, and resulted in a verdict of $1,400 for the plaintiff. A motion was made for a new trial on the minutes, which did not include the ground of excessive damages, and the motion was denied.   The defendant appealed to this court from the judgment entered upon the verdict, and the order denying the new trial.   The evidence on the part of the plaintiff tended to show that the defendant had owned the dog for several years; that she was accustomed to take the dog with her when traveling about the streets; that the dog had frequently jumped at the heads of horses when they were being driven, to the defendant's knowledge; that on one occasion, in June, 1888, he jumped at the head of a horse driven by one Mills, causing the horse to throw up its head, and eliciting some caustic remarks on the part of the driver. At another time in the same month, when the defendant was traveling in a buggy, followed by the dog, the animal jumped at the horse of one John Van Dorn, who was driving ahead of her, and that he sprang at his horse's nose, and the horse lunged sideways.   The driver held a tight rein, shouted to the dog, and he left.   That in May of the same year, while one Della Case was riding with her husband in Mount Morris, the defendant was also driving, accompanied by the dog, which sprang at the head of the horse, causing the animal to throw his head up, and the dog again sprang at it.   The defendant then called the dog away.   That some four years before the trial a child was playing with the defendant's daughter, when the dog bit her, of which the defendant had notice.   That on another occasion the dog made an attack with exposed teeth, in apparent anger, on some children, and the defendant called him away.   The evidence further tended to show that three years before the dog bit one Daniel Bacon on the leg, drawing blood.   The plaintiff's evidence further tended to show that the dog demeaned himself in the same way on one or two other occasions.   The defendant's evidence tended to show the reverse.   Much evidence was given on both sides which was of such a character as to require a submission of the case to the jury.   At the close of the plaintiff's evidence, the defendant moved for a nonsuit upon the ground that there was no evidence showing that the dog was in the habit of biting horses, or had been accustomed to do similar mischief; also that there was no evidence of the defendant's knowledge of the habits of the dog; and that there was no proof that the dog's acts were the proximate cause of the injury.   The motion was denied, and exception taken.   The defendant gave evidence in her own behalf.   At the close of all the evidence no application was made for the direction of a verdict or nonsuit.   The charge of the trial

justice was a full review of the evidence, and quite as favorable to the defendant in all its aspects as the proof warranted. It covered all the testimony bearing upon the defendant's negligence, and the plaintiff's contributory negligence, including the question whether the injury was the proximate result of the conduct of the dog. It is a familiar rule that a person who owns or has control of a dangerous animal is chargeable for the injury inflicted if he omits to take proper precautions; also that where the defendant has knowledge of the habits of a dog as to biting people or horses, or frightening them, a cause of action lies against the owner, in the absence of contributory negligence. The rule is illustrated by opinion of GROVER, J., in *Dickson* v. *McCoy*, 39 N. Y. 400; *Rider* v. *White*, 65 N. Y. 54; *Keenan* v. *Manufacturing Co.*, 46 Hun, 544; *Brice* v. *Bauer*, 108 N. Y. 428, 15 N. E. Rep. 695. At the close of the charge, the learned counsel for the appellant excepted to certain portions, and also made some requests to charge. A careful examination of the case shows that there were no errors in the charge as a whole which could prejudice the defendant; also that the requests to charge were properly disposed of by the trial court. It requires no argument to prove that a dog which practices jumping at horses' noses while they are traveling is liable to inflict great injury. Horses are as much unlike as individuals. One might pay little heed to the jumping of a dog, while another of a different temperament might be so frightened as to produce grave results. When a person having control of a dog indulging in those practices with full knowledge takes him while traveling on a public street, the risk of injuries resulting from the dog's habits, in the nature of things, falls upon the owner. The judgment and order must be affirmed. All concur.