## DOOLING v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. January 12, 1912.)

1. MUNICIPAL CORPORATIONS (§ 705*)—STREETS—LEAVING HORSES UNFAS-
TENED.

   The leaving of a horse unfastened and unattended on a public street
is prima facie evidence of negligence.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig.
§§ 1515–1517; Dec. Dig. § 705;* Highways, Cent. Dig. §§ 459–469.]

2. TRIAL (§ 261*)—INSTRUCTIONS—REFUSAL OF REQUESTED INSTRUCTION.

   Error in the refusal of a requested instruction must be test ˙ ʰᵛ con-
sideration of whether the entire instruction was proper, sinc
the duty of the court to separate the good part from the bɛ
it may charge the former.

   [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 660
Dec. Dig. §§ 261.*]

3. NEGLIGENCE (§ 1*)—WHAT CONSTITUTES.

   Legal negligence is the omission of such care as persons
prudence exercise and deem adequate to the circumstances ˑ

   [Ed. Note.—For other cases, see Negligence, Cent. Dig. § 1ˌ
§ 1.*

   For other definitions, see Words and Phrases, vol. 5, pp.
vol. 8, pp. 7729–7731.]

4. MUNICIPAL CORPORATIONS (§ 706*)—STREETS—ACTION FOR INJ.
STRUCTIONS—NEGLIGENCE OF DEFENDANT.

   In an action for personal injuries to an infant, who fell
wheels of an ash cart, plaintiff requested an instruction that
mining the negligence of the city or the city's driver, it is not
butcher or the baker would do under ordinary circumstances oˑ
narily prudent man, but that the leaving of a horse unfasteneɑ
attended on a public highway ·was prima facie evidence of neɡ
The court charged that leaving a horse on a highway unattended
the question of negligence one of fact, and that the jury could finᶜ
ligence if it concluded that leaving a horse unattended was not
of an ordinarily prudent person. Held, that the clause "under ordiƞ
circumstances" in the requested charge might be referred to the "oɪ
narily prudent man" as well as to the butcher and the baker, and thˑ
in view of the court's action, there was no error in refusing the inst
tion.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Lᵢᵦ.————
. § 1518; Dec. Dig. § 706;* Highways, Cent. Dig. §§ 471–474.]

5. MUNICIPAL CORPORATIONS (§ 706*)—STREETS—ACTION FOR INJURIES—PROX-
IMATE CAUSE.

   In an action against a city for personal injuries to an infant by fall-
ing under the wheels of an ash cart, the refusal to charge specifically that,
if the jury find that the driver's act in leaving the horse unfastened on
the highway was the proximate cause of ·the injury, they must find for
plaintiff, was not erroneous, since the leaving of the horse unfastened
might be the proximate and sole cause of the injury, and still not nec-
essarily require that the verdict be for the plaintiff, as that act might be
found not to be negligence, or the jury might find or impute contributory
negligence.

   [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig.
§ 706.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

6. WITNESSES (§ 266*)—CROSS-EXAMINATION—FACTS IN ISSUE.

Cross-examination is a matter of right when directed to the facts in issue or relevant facts.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 907; Dec. Dig. § 266.*]

7. WITNESSES (§ 268*)—CROSS-EXAMINATION—SCOPE—DISCRETION OF COURT.

In an action by an infant for personal injuries received by falling under the wheels of an ash cart, the driver, who had testified as to where he had gone when leaving the horse in the street unfastened, and that he had known a certain person for quite a few years, and had stopped at his house two or three times a week, for four or five minutes only, for the one week which he had worked in that part of the city, was asked, "Now what was the occasion of your stopping at Ramous' once a week?" the object of the inquiry being to test his credibility by comparing his reasons for that absence with his testimony at a former trial. *Held*, that the refusal to permit the question was not beyond the discretion of the trial court.

[Ed. Note.—For other cases, see Witnesses. Dec. Dig. § 268.*]

Appeal from Trial Term, Kings County.

Action by Robert Dooling, an infant, by Agnes Dooling, his guardian ad litem, against the City of New York. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

Robert Stewart (Ralph G. Barclay, on the brief), for appellant.
James D. Bell (P. E. Callahan, on the brief), for respondent.

JENKS, P. J. The action is for negligence. There was a verdict for the defendant at Trial Term which I think was not against the weight of evidence. The defendant's driver left the defendant's horse, attached to an ash cart, standing unfastened in a city street, and went into a house on that street. During his absence the infant plaintiff fell under the wheels of the cart while the horse was moving, and was injured. The plaintiff-appellant attacks the judgment mainly upon his exceptions to rulings of the learned court.

At the end of the charge plaintiff's counsel said:

"I ask your honor to charge the jury that in determining the negligence of the city or the city's driver it is not what the butcher or the baker would do under ordinary circumstances or an ordinarily prudent man, but that the leaving of a horse unfastened and unattended upon the public highway is prima facie evidence of negligence.

"The Court: I decline to charge that."

After disposition of another request, the counsel for defendant, referring to the request now in question, said:

"I have no objection to the court charging as a legal proposition that the leaving of a horse unattended on the street is prima facie evidence of negligence, if the court will explain it to the jury.

"The Court: I will state to the jury what I understand the law to be. The leaving of a horse on the highway unattended requires the court as a matter of law to leave it to the jury to determine as a matter of fact whether or not it was negligence.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"Plaintiff's Counsel: That I except to.

"The Court: And the jury are permitted to find if an ordinarily prudent person would not do so that it is negligence.

"Plaintiff's Counsel: I except to that also."

[1] If the request had been confined to the proposition "that the leaving of a horse unfastened and unattended upon the public highway is prima facie evidence of negligence," an exception to a refusal thereof would have been well taken. Doherty v. Sweetser, 82 Hun, 557, 31 N. Y. Supp. 649; Pearl v. Macaulay, 6 App. Div. 70, 39 N. Y. Supp. 472; Lane v. Lamke, 53 App. Div. 395, 65 N. Y. Supp. 1090; Brand v. Borden's Condensed Milk Co., 89 App. Div. 188, 85 N. Y. Supp. 755; Gorney v. City of New York, 102 App. Div. 260, 92 N. Y. Supp. 451; Thompson's Commentaries on the Law of Negligence (2d Ed.) § 1294, and cases cited.

[2] But, as the counsel united this proposition with another, the exception must be tested by consideration whether the entire request was sound, pertinent, and not a reiteration. It was not the duty of the court to separate the good part from the bad part so that it could charge the former. Hamilton v. Eno, 81 N. Y. 116, 127. The verbiage of the request is explained by language theretofore used by the court, as follows:

"Counsel says that the grocer, the butcher, and the milkman do the same thing; that the city should not be held to any higher obligation than those people."

[3, 4] The language of the request is:

"I ask your honor to charge the jury that in determining the negligence of the city or the city's driver it is not what the butcher or the baker would do under ordinary circumstances or an ordinarily prudent man."

And then follows the said proposition as to "prima facie evidence of negligence." Of course, the negligence was not to be determined by what the butcher or the baker would do, but was it not to be determined by what an "ordinarily prudent man" would do under ordinary circumstances? It is plain enough that the clause "under ordinary circumstances" may be also referred to the "ordinarily prudent man" as well as to the butcher and the baker. Our Court of Appeals has said of "negligence as used in the law":

"But no definition has yet been given, and it is obvious that none can be given, accurate and comprehensive enough to apply to the varying facts and circumstances of every case."

Grover, J., writing for the court in Mangam v. Brooklyn R. R. Co., 38 N. Y. 457, 98 Am. Dec. 66, said:

"Legal negligence is the omission of such care as persons of ordinary prudence exercise and deem adequate to the circumstances of the case."

Let us test the matter by inquiring whether the court could have refused rightly a request as erroneous in law that the negligence of the city or the city's driver was to be determined by what an ordinarily prudent man would do under ordinary circumstances. As the criterion named was the "ordinarily prudent man," it was not essential to qualify him again by the phrase "as exercising ordinary prudence" or "in the exercise of due care" or the like, for the man to be

considered is of that status perforce of the qualification already made. The further statement of the court was not erroneous. The court did not assume to comment upon prima facie evidence of negligence. It said that the element of leaving a horse on the highway unattended required submission of the case to the jury to determine as matter of fact whether it was negligence, and further said that the jury could find negligence if it concluded that this act of leaving the horse unattended was not that of an ordinarily prudent person.

[5] It is contended that the exception was well taken to the refusal of the following request:

"I ask your honor to charge, also, your honor did in substance, but to specifically charge, that if they find that the leaving of the horse unattended and unfastened upon the highway by the driver was the proximate cause and the sole cause of this injury that their verdict must be for the plaintiff."

But the leaving of the horse unattended and unfastened upon the highway by the driver might be the proximate cause and the sole cause of the injury, and still the verdict not necessarily be "for the plaintiff," inasmuch as the jury might acquit the defendant of negligence in leaving the horse unattended and unfastened, or might find or impute contributory negligence.

[6, 7] It is also insisted that the court erred in refusing to permit plaintiff's counsel to ask the witness Midwinter, the driver, "Now, what was the occasion of your stopping at Ramous' once a week?" Midwinter had testified that on this occasion he had left his horse and cart, and had gone into the water-closet on the ground floor of the house wherein Ramous lived. Before this question was asked, he had testified on the cross-examination that he had known Ramous for "quite a few years"; that he had stopped at this house two or three times a week, each time for four or five minutes; that he had done this only one day or only one week, for that one week he had worked in that quarter of the borough, and that he had not stopped there for over eight months. His attention was called to his testimony on this subject on a previous trial. It is argued that, if the question had been allowed, the jury might have inferred from his answer that his errand on the day of the accident was for a like purpose, whatever it may have been. Even so, the inquiry was not addressed to any fact in issue or to any relevant fact. The witness had admitted his absence in this house on the day in question and had given the reason therefor. The inquiry indicated by the question was not directed to his reason for that absence, but simply to his reasons for other absences. The argument is founded on pure speculation. Cross-examination is a matter of right when directed to "facts in issue or relevant facts," but, when its object is to ascertain the accuracy or credibility of a witness, its extent rests within the sound discretion of the trial judge. Langley v. Wadsworth, 99 N. Y. 61, 63, 1 N. E. 106. The check of the cross-examination upon this subject was not beyond the discretionary power of the trial court. See White v. McLean, 57 N. Y. 670.

The judgment and order must be affirmed, with costs. All concur.