DAVID LIBERMAN, BY NEXT FRIEND, ET AL., RESPONDENTS, v. HARRY DRILL, APPELLANT.

Submitted March 19, 1920—Decided June 14, 1920.

1. In an action for damages, based upon injuries sustained because of a vicious animal, it is not necessary that the vicious record of the animal should be precisely similar in detail to that upon which the action is founded, and neither is it necessary in order to fasten liability upon the owner that he should have notice of previous injury to others. It is the propensity to commit the mischief and not the actual commission of it that constitutes the danger, and, therefore, it is sufficient if the owner has seen or heard enough to convince a man of ordinary prudence of the animal's inclination to commit the class of injuries complained of.

2. If the charge of the trial court be deemed not sufficiently comprehensive the burden is on the exceptant by submitting a distinct request to charge, in order to make the objection a basis for review on appeal. A general objection on the ground of insufficiency will not present a reviewable question.

On appeal from the Essex Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the appellant, *Philip J. Schotland.*

For the respondents, *Benjamin M. Weinberg.*

The opinion of the court was delivered by

MINTURN, J. Before the defendant purchased the horse in question a general acquaintance, named Saperstein, who had long driven horses, seeing the horse hitched up to defendant's wagon, in charge of Sam Drill, his son, warned him that the horse would be a "kicker and a bucker," and had some other defects which would make him undesirable as an investment, and among these "that he was a crazy horse, nobody wanted to have him, he started to kick." "That horse," said he, "is going to go lame in warm weather, and he is a kicker; he is a crazy horse; he wouldn't stand still; he will run away once in a while; he is shy on a train or on an automobile." Notwithstanding this generous advice to his agent, based upon actual knowledge, defendant purchased the horse, and about three weeks after the purchase this accident happened. The plaintiff, a boy of nineteen years, testified that he was helping defendant's son, Sam, deliver furniture, and while the horse was walking along the street drawing the furniture wagon, with plaintiff and defendant's son seated thereon, this unusual situation presented itself: "He (Sam) wanted the horse to go a little faster, and he said, 'Get up.'" As if desirous of obeying the injunction literally, "the horse turned around and all of a sudden he jumped all the way up, and he started kicking; and he (Sam) let go of the lines and the

horse kept on kicking until some fellow came over and grabbed him; he made about twelve or thirteen kicks. He almost broke the wagon." Saperstein's predictions based upon his previous knowledge were evidently verified, if the jury credited this testimony, for quite manifestly the horse was true to the reputation accorded him. Incidentally during this manifestation the plaintiff was the recipient of one of the kicks and suffered injuries therefrom which present the basis of this suit for damages.

The case went to the jury upon this evidence of *scienter,* and the jury found for the plaintiffs. The denial of a motion to nonsuit and a motion to direct a verdict. upon the ground that there was no substantial basis for a verdict for plaintiffs, based upon the doctrine of *scienter,* presents the substantial ground of this appeal. The communication to the son, who evidently was the *alter ego* of the father in the control and management of the horse and wagon, both before the purchase of the horse, and thereafter, was, upon familiar principles, notice to the defendant. *Qui facit per alium facit per se. Congress Co. v. Edgar,* 99 *U. S.* 645.

The substantial inquiry, therefore, is whether defendant at the time of the accident was chargeable with knowledge of the kicking propensity of the horse, and whether there was sufficient in the warnings conveyed by Saperstein to charge the defendant with knowledge of this.vice under the doctrine of *scienter.*

In *Emmons v. Stevane,* 77 *N. J. L.* 570, Mr. Justice Voorhees, speaking for the Court of Errors and Appeals, declared that in this character of tort feasance: "It is not necessary that the same injury should have actually been committed by the animal to the knowledge of its owner, but knowledge by the owner that the disposition of the animal is such that it is likely to commit a similar injury to that complained of, is sufficient to maintain the action." And it is therein further declared that "where the proof to establish viciousness and *scienter* consists of instances tending, more or less, clearly to indicate such a disposition and such knowledge, a jury question at once arises."

This statement of the legal principle underlying the doctrine is fortified by the adjudged cases as well as by the discussions of the text-writers upon the subject.

In an early common law case, Lord Kenyon declared that if by common report a dog has been bitten by a mad dog "it becomes the duty of the owner of the dog so reported to have been bitten to be very circumspect in the keeping of it. Whether the dog said to be mad, was mad or not may be a mere matter of suspicion, and yet it is not enough for a defendant to say, "I did use a certain precaution. He ought to put it out of the animal's power to do further mischief." *Jones* v. *Perry,* 2 *Esp.* 483; *Wolff* v. *Chalker,* 31 *Conn.* 121; *Maxwell* v. *Palmerton,* 21 *Wend.* 407.

And so for the purpose of charging the owner with knowledge of the tendency of the animal to indulge in the vicious conduct which presents distinctively the basis of the claim in suit, it has been declared that it is not necessary that the vicious record of the animal should be precisely similar in detail to that upon which the action is founded; and neither is it necessary in order to fasten liability upon the owner that he should have notice of previous injury to others. *Ray Imp. D.* 604; *Rider* v. *White,* 65 *N. Y.* 54; *Godeau* v. *Blood,* 52 *Vt.* 251.

It is the propensity to commit the mischief and not the actual commission of it that constitutes the danger, and therefore it is sufficient if the owner has seen or heard enough to convince a man of ordinary prudence of the animal's inclination to commit the class of injuries complained of. *Buckley* v. *Leonard,* 4 *Den.* 500; *Evans* v. *McDermott,* 49 *N. J. L.* 163; *Congress Co.* v. *Edgar,* 99 *U. S.* 646.

"The gist of the action," says Mr. Justice Clifford, speaking for the United States Supreme Court, in the case last cited, "is the keeping of the same with knowledge of the vicious and mischievous propensity of the animal. The question in each case is whether the notice was sufficient to put the owner on his guard, and to require him as an ordinarily prudent man to anticipate the injury which actually occurred; and hence it is unnecessary to prove more than that he has

been given cause for supposing that the animal may so conduct itself. *Ray. Inf. D.* 604; *Kittredge* v. *Elliot,* 16 *N. H.* 77; 1 *R. C. L.* 34 and cases.

The inquiry, therefore, whether the general information conveyed to defendant before he bought the horse that he was a "kicker and a bucker" and "a crazy horse" was enough to charge him with notice of the general propensity of the horse to conduct himself as he did in this instance was a jury question. *Reynolds* v. *Hussey,* 64 *N. H.* 64; *Mann* v. *Weiand,* 81 *Pa.* 243; *Godeau* v. *Blood,* 52 *Vt.* 251; 1 *R. C. L.* 34 and cases.

The controversy presented in this instance by the testimony was a controverted question of fact, and upon the familiar rule of law governing such a situation, became a jury question. *Emmons* v. *Stevane, ubi supra.*

The charge of the learned trial court properly presented the case to the jury, under the rules to which we have adverted. In one respect only is it challenged, because the court did not directly refer to an alleged admission of the infant plaintiff to one of defendant's witnesses, that the accident was due to the minor plaintiff's own misconduct. The court charged generally upon the respective rights of the parties, and so far as the particular excerpt objected to is concerned, it contains a correct statement of the legal rule applicable to the general status of the parties as the court conceived it. Defendant simply excepted to it as not sufficiently comprehensive, without any request to charge otherwise, upon the subject, from the viewpoint of defendant's conception of the case, and therefore the legal question attempted to be raised for defendant is not legally before us, and cannot be considered as presenting any specific practical proposition of law which the court refused to charge, and which therefore is subject to review. *Baer* v. *L. & H. Ry Co.,* 93 *N. J. L.* 85; *Id.* 446; *Carver* v. *Jackson,* 4 *Pet.* 1; *White* v. *McLean,* 57 *N. Y.* 670.

The judgment will be affirmed.